IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. CR-06-01-C |
| ) | |
| TOMMY LEE ELLIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (See Dkt. No. 106.)  After a bench trial, Defendant was found guilty of aiding and abetting a bank robbery pursuant to 18 U.S.C. §§ 2 and 2113(a).  Defendant was subsequently sentenced to 210 months' imprisonment, which included an enhancement because he was classified as a Career Offender.  In the present motion, Defendant raises two claims of ineffective assistance of counsel.[1]  He also contends that he was improperly classified as a Career Offender pursuant to the Supreme Court's recent decision in Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687 (2009).

In Chambers, the Supreme Court considered whether failure to report to a penal institution constituted a violent felony for purposes of the Armed Career Criminal Act, 18

---

[1] In its response, the government agreed that Defendant was improperly sentenced as a Career Offender.  In his reply, Defendant stated that, because of this concession, he would withdraw his claims of ineffective assistance of counsel so long as the Court grants his motion and orders a re-sentencing.  Because the Court has decided that re-sentencing is appropriate, it declines to consider his claims of ineffective assistance.

U.S.C. § 924(e)(2)(B).[2]  The Court held that, because of the less violent and more passive nature of the crime of "failure to report," it did not constitute a violent felony for purposes of the Armed Career Criminal Act.

In the present case, it is somewhat unclear what particular statutory provision Defendant was convicted of violating.  As noted by the government, none of the charging documents related to his 1994 conviction mentioned a particular statutory offense, but instead merely listed the charge as "escape from a penal institution."  The statute in effect in 1994 encompassed both failure to report and/or return from approved release and true escapes.  See 21 Okla. Stat. § 443(B) and (C) (1994).  At the time of the offense, Defendant was incarcerated at the Oklahoma Department of Corrections Hollis Community Work Center.  According to the government, portions of the affidavit submitted in support of the information indicate that perhaps Defendant never returned from authorized work release, rather than effecting a true escape.[3]  The government maintains that, where such ambiguity

---

[2] Even though Chambers dealt with the Armed Career Criminal Act rather than the Career Offender provision of the Sentencing Guidelines, the Court's analysis is applicable in the present case due to the similarity between the two provisions. See United States v. West, 550 F.3d 952, 960 n.5 (10th Cir. 2008) (noting that the Tenth Circuit "has occasionally looked to precedent under one of these provisions as guidance under the other provision in determining whether a conviction qualifies as a crime of violence.").

[3] Although Chambers made clear that courts are not to examine "whether the present defendant's prior crime, as committed on a particular occasion, did or did not involve violent behavior," 129 S.Ct. at 690, the Tenth Circuit instructs that courts must consider the charging documents, the judgment, the plea, and any other judicial records from the prior proceeding to determine whether a conviction was for failure to report or true escape. See United States v. Avalos, 315 F.App'x 731, 733 (10th Cir. 2009).

exists, the defendant should prevail.  (See Pl.'s Resp., Dkt. No. 114, at 24); see also United States v. Constante, 544 F.3d 584, 586-87 (5th Cir. 2008).)

The Court agrees with Defendant and the government and finds that, pursuant to the Supreme Court's recent pronouncement in Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687 (2009), Defendant was improperly sentenced as a Career Offender.  Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 106) is GRANTED.  The United States Probation Office is hereby directed to file a Supplemental Presentence Report no later than October 10, 2009.  At that time, a new sentencing date will be set.

IT IS SO ORDERED this 10th day of September, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge